(118 App. Div. 98)

KILPATRICK v. WILLIAM WHITMER & SONS, Inc.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

1. SALES—FAILURE TO DELIVER—DAMAGES—EVIDENCE.

The measure of damages for failure of defendant to deliver lumber, which it had sold plaintiff at wholesale, is the difference between the contract price and the increased wholesale price; so that it is error to admit evidence of the retail price, in the absence of proof that there was no wholesale price.

2. EVIDENCE—EXPERTS—QUALIFICATION.

In an action for breach of contract of sale, at wholesale, of West Virginia clear spruce lumber to be delivered at New York City, one who has

qualified himself by testimony that he was sales agent for a large manufacturer of such lumber, and that his territory extended over several states, including New York, and that he was familiar with the wholesale price of such lumber during the period in question, and knew what it was quoted at and sold for in New York City, is qualified to testify to the price of such lumber delivered there, though living in Philadelphia; the question being, not what such lumber actually sold for in New York City, but at what price dealers in such city could buy such lumber, from producers, delivered there.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2357, 2358.]

Appeal from Trial Term, New York County.

Action by Walter F. Kilpatrick against William Whitmer & Sons, Incorporated. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGH-TON, SCOTT, and LAMBERT, JJ.

Wilson B. Brice, for appellant.

Martin S. Lynch, for respondent.

HOUGHTON, J. The defendant, a lumber manufacturer, agreed to sell to plaintiff, a lumber dealer, 20 car loads of West Virginia clear spruce lumber at a specified price per 1,000 feet delivered at the city of New York. Only a part was delivered, and the plaintiff, claiming breach of contract by defendant and that the market price of this class of lumber had largely increased, brings this action to recover damages for failure to deliver the balance. From the judgment obtained by the plaintiff thereon, the defendant appeals, and urges that error was committed in receiving evidence as to the retail price of this character of lumber in the city of New York, instead of confining the proof to the wholesale or manufacturer's price, and also that the court erred in excluding the evidence of defendant's witness Dunwoody as an expert on the wholesale market price during the time involved.

In both of these contentions we think the appellant is correct. Plaintiff's witnesses Steinway and Tiemann were both permitted to testify, against defendant's objection, as to the retail price asked by dealers in the city of New York for lumber of the character of that in dispute. Although each was accustomed to buy large quantities, each bought from dealers, and not producers. Neither of them pretended to know the wholesale or manufacturers' price, and neither of them assumed to state any other prices than those at which he bought from dealers or at which dealers offered the lumber to him. Clear West Virginia spruce lumber, or clear spruce lumber of any other locality, is not produced in the city of New York, but must be transported from the place of its manufacture. The defendant sold; and the plaintiff bought, at wholesale. Presumably there was a wholesale market for such lumber. The difference between such wholesale or manufacturers' price and that at which the defendant had agreed to sell was the measure of plaintiff's damage, if in fact the defendant violated its contract with him. It is urged that the lumber in question was of a peculiar char-

.acter, and that no wholesale market price existed. The record does not disclose such to be the situation, and much clearer proof than appears must be presented before any rule different from the ordinary one can be invoked by plaintiff. It was, therefore, error to permit evidence of the retail price, which involves, ordinarily, not only the expense of handling and storing, but a profit to the dealer.

The witness Dunwoody, produced by the defendant, testified that he was sales agent for a large lumber manufacturer of West Virginia clear spruce, and that his territory extended over several states, including New York, and that he was familiar with the wholesale price of such lumber during the period in question, and knew what it was quoted at and sold for in the city of New York. The fact that his office was located in the city of Philadelphia did not disqualify him, if he in fact knew the price of such lumber delivered at the city of New York, which he testified he did. The question involved was, not what such lumber actually sold for in the city of New York, but at what price dealers in such city could buy such lumber from the producers, delivered at that city. This witness, whose testimony was excluded, appeared to be especially competent to testify in that respect. While his testimony, in a sense, would have been cumulative, in view of the very large increase of price awarded to plaintiff, we cannot say that his testimony, if admitted, would not have been influential with the jury.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.